NO. 07-07-0139-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

OCTOBER 10, 2008

_____

BYRON E. SIRES, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 140TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2006-412540; HONORABLE JIM BOB DARNELL, JUDGE

_____

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

**MEMORANDUM OPINION**

Following a not guilty plea, Appellant, Byron E. Sires, was convicted by a jury of possession of methamphetamine with intent to deliver, enhanced.[1] Punishment was assessed by the trial court at forty-five years confinement. Appellant raises four issues.

---

[1]§ 481.112(a) Tex. Health & Safety Code Ann. (Vernon 2003).

By his first three issues, Appellant questions whether trial counsel was ineffective for (1) neither filing a motion to suppress the contraband, nor objecting to its admission at trial; (2) neither filing a motion to suppress his oral statements regarding the contraband, nor objecting to their admission into evidence; (3) neither filing a motion to suppress his oral statements regarding the contraband under article 38.22, § 3(a) of the Texas Code of Criminal Procedure, nor objecting to their admission into evidence.  By his fourth and final issue, Appellant questions whether the trial court erred in refusing trial counsel's request that the jury be charged pursuant to article 38.23 of the Texas Code of Criminal Procedure. We affirm.

**Background**

On March 28, 2006, Appellant voluntarily went to the Lubbock Police Department to meet with Corporal Walter Scott and ATF agent, Gary Styers, concerning his agreement to serve as a confidential informant in undercover investigations of illicit drug activity. Appellant, Scott, and Styers engaged in a short, general conversation about the basics of the proposed working arrangement in one of the police interview rooms.  However, no agreement was fully formalized nor had a written agreement been executed during the conversation.

According to Styers, during the course of that conversation, Scott asked Appellant, "[d]o you have anything on you?  I need you to stand up and empty your pockets." Appellant responded, "[o]h, I didn't know I was going to be searched," and then reached

2

into his pocket and pulled out a baggie containing a substance that when tested, amounted to 4.5 grams of methamphetamine. When Appellant was asked by Scott why he was in possession of methamphetamine, he replied that he needed money and selling drugs was the only way he had to make money.

Scott recalled the events somewhat differently. He could not recall asking Appellant to empty his pockets but admitted it was possible. Scott's recollection was that he advised Appellant that he needed to pat him down for weapons and contraband. Scott remembered Appellant saying, "[o]h man. I didn't know I was going to be searched." Scott also recalled Appellant saying, "I have to do something to make money."

When the meeting commenced, Appellant was not in custody nor was he being detained. Although the evidence shows that Appellant did not engage in any conduct necessitating a search, the officers testified that the primary reason Appellant was "searched" was for safety concerns. Other reasons offered were routine procedure, unwritten policy, and to protect the integrity of a drug investigation. According to the officers, after Appellant placed the contraband on the table, he was arrested. Both Styers and Scott testified they were "shocked" that Appellant came to a meeting at the police department carrying an illegal substance.

# Article 38.23

Addressing Appellant's issues in a logical rather than sequential order, we begin with issue four. By his fourth issue, Appellant challenges the trial court's denial of defense counsel's request that the charge include an instruction pursuant to article 38.23 of the Texas Code of Criminal Procedure. Article 38.23 provides, in relevant part, as follows:

> (a) No evidence obtained by an officer or other person in violation of any provisions of the Constitution or laws of the State of Texas, or of the Constitution or laws of the United States of America, shall be admitted in evidence against the accused on the trial of any criminal case.
>
> In any case where the legal evidence raises an issue hereunder, the jury shall be instructed that if it believes, or has a reasonable doubt, that the evidence was obtained in violation of the provisions of this Article, then and in such event, the jury shall disregard any such evidence so obtained.

Tex. Code Crim. Proc. Ann. art. 38.23(a) (Vernon 2005).

During oral submission of this appeal, the State confessed that a fact issue existed regarding whether Appellant was asked to empty his pockets or whether he was told he was going to be searched. Notwithstanding the State's concession, we conclude that the facts presented do not implicate a "violation of any provisions of the Constitution or laws of the State of Texas, or of the Constitution or laws of the United States of America." Thus, the trial court did not err in refusing to give the requested instruction.

4

The triggering mechanism for an article 38.23 instruction is complex. *See Oursbourn v. State*, 259 S.W.3d 159, 177 (Tex.Crim.App. 2008). A defendant must establish the following requirements: (1) the evidence must raise an issue of fact; (2) the evidence on that fact must be affirmatively contested; and (3) the contested factual issue must be material to the lawfulness of the challenged conduct in obtaining the evidence sought to be excluded. *Id.* This factual dispute can be raised only by affirmative evidence, not by mere cross-examination questions or argument. *Id.*

Agent Styers testified during direct examination that Corporal Scott told Appellant, "I need you to stand up and empty your pockets." During direct examination, Scott testified that he told Appellant he needed to pat him down for weapons or contraband. Although Scott could not recall asking Appellant to empty his pockets, that fact alone does not create a fact question. Furthermore, *assuming arguendo,* that a fact issue existed as to whether or not Appellant was asked to empty his pockets, that issue was never affirmatively contested. Most importantly though, however, resolution of that issue was not material to the lawfulness of the challenged conduct in obtaining the evidence.

Appellant's position is predicated on the assumption that his production of the contraband was in response to a police "search" within the context of a constitutional right to be free from an unreasonable search or seizure. He raises lack of probable cause, exigent circumstances, and *Miranda* warnings in support of his argument that he was harmed by the trial court's refusal to grant an article 38.23 instruction in the jury charge

5

because the evidence established that the methamphetamine and his statements were obtained illegally. We disagree.

The protections against unreasonable searches and seizures afforded by the United States Constitution, Article I, § 9 of the Texas Constitution, and article 38.23 are not implicated under the facts of this case. Appellant voluntarily went to the police station to speak with officers about becoming a confidential informant. He was not in custody nor was he the subject of an investigative detention. Situations that may constitute custody include (1) when a suspect is physically deprived of his freedom in any significant way; (2) when a law enforcement officer tells a suspect he cannot leave; (3) when law enforcement officers create a situation that would lead a reasonable person to believe that his freedom of movement has been significantly restricted; and (4) when there is probable cause for arrest and law enforcement officers do not tell the suspect that he is free to leave. *See Dowthitt v. State*, 931 S.W.2d 244, 255 (Tex.Crim.App. 1996). None of these circumstances apply.

Appellant went to the police department to cooperate with law enforcement as a confidential informant investigating drug activity. Whether he removed the methamphetamine from his pocket in response to Scott's question to empty his pockets or whether he did so in response to being told he would be searched, his conduct was not in response to an exercise of police authority. Appellant's conduct was voluntary and it could be considered implied consent. A person impliedly consents to a search by

engaging in certain activities that, by their very nature, involve a diminished expectation of privacy. *Brown v. State*, 856 S.W.2d 177, 181 (Tex.Crim.App. 1993). Voluntarily agreeing to work with the police as a confidential informant clearly invokes a diminished expectation of privacy. We conclude that the material fact issue raised by the evidence in this case was not material to the lawfulness of the challenged conduct in obtaining the evidence. Thus, Appellant was not entitled to an article 38.23 instruction, and the trial court did not err in refusing to grant one. Issue four is overruled.

**Ineffective Assistance of Counsel**

By issues one, two, and three, Appellant contends defense counsel was ineffective in failing to file a motion to suppress certain evidence and in failing to object to introduction of that evidence. We disagree.

A claim of ineffectiveness is reviewed under the standard set out in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Under *Strickland*, a defendant must establish that (1) counsel's performance was deficient (i.e., fell below an objective standard of reasonableness), and (2) there is a reasonable probability that but for counsel's deficient performance, the result of the proceeding would have been different, a reasonable probability being a probability sufficient to undermine confidence in the outcome. *Ex parte Ellis*, 233 S.W.3d 324, 330 (Tex.Crim.App. 2007); *Rylander v. State*, 101 S.W.3d 107, 110 (Tex.Crim.App. 2003). In other words, a defendant must demonstrate by a preponderance of the evidence that the deficient performance prejudiced

7

his defense.  *Mitchell v. State*, 68 S.W.3d 640, 642 (Tex.Crim.App. 2002); *Thompson v. State*, 9 S.W.3d 808, 813 (Tex.Crim.App. 1999).  Failure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim. *Thompson*, 9 S.W.3d at 814, citing *Strickland*, 466 U.S. at 700.

The adequacy of defense counsel's assistance is based upon the totality of the representation rather than by isolated acts or omissions of trial counsel.  *Thompson*, 9 S.W.3d at 814.  Although the constitutional right to counsel ensures the right to reasonably effective counsel, it does not guarantee errorless counsel whose competency or accuracy of representation is to be judged by hindsight.  *Robertson v. State*, 187 S.W.3d 475, 483 (Tex.Crim.App. 2006).  Appellate review of trial counsel's representation is highly deferential and presumes that counsel's conduct fell within the wide range of reasonable and professional representation.  *See Andrews v. State*, 159 S.W.3d 98, 101 (Tex.Crim.App. 2005).  *See also Bone v. State*, 77 S.W.3d 828, 833 (Tex.Crim.App. 2002).  To defeat the presumption of reasonable professional assistance, any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness.  *See Mallett v. State*, 65 S.W.3d 59, 63 (Tex.Crim.App. 2001).  *See also Thompson*, 9 S.W.3d at 813-14.  However, where the alleged derelictions are errors of omission de hors the record rather than commission revealed in the trial record, collateral attack may be the vehicle by which to develop a detailed record of the alleged ineffectiveness.  *See Freeman v. State*, 125 S.W.3d 505, 506-07 (Tex.Crim.App. 2003).  *See generally Massaro v. United States*, 538 U.S. 500,

8

123 S.Ct. 1690, 1694 155 L.Ed.2d 714 (2003) (stating that when a claim of ineffectiveness is raised on direct appeal, a trial record is usually not sufficiently developed to establish such a claim).

The claims of ineffectiveness raised by Appellant on appeal are all alleged errors of omission beyond the record. No motion for new trial was filed alleging ineffective assistance of counsel. When ineffective assistance of counsel claims are raised on direct appeal, the record is undeveloped and cannot adequately reflect the motive behind trial counsel's actions. *Mallett*, 65 S.W.3d 59, 63 (Tex.Crim.App. 2001). "Trial counsel should ordinarily be afforded an opportunity to explain [her] actions before being denounced as ineffective." *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex.Crim.App. 2005) (quoting *Rylander*, 101 S.W.3d at 111). Absent such an opportunity, an appellate court should not find counsel's performance deficient unless her conduct was "so outrageous that no competent attorney would have engaged in it." *Garcia v. State*, 57 S.W.3d 436, 440 (Tex.Crim.App. 2001), *cert. denied*, 537 U.S. 1195, 123 S.Ct. 1351, 154 L.Ed.2d 1030 (2003).

Appellant alleges trial counsel was ineffective in failing to file a motion to suppress the methamphetamine and his statements that he intended to sell the methamphetamine to make money. He also contends there could not have been a sound trial strategy for failing to attempt to have the evidence suppressed. An allegation of ineffective assistance in failing to file a motion to suppress places the burden on an appellant to prove that the

motion would have been granted in order to satisfy the *Strickland* prongs. *See Jackson v. State*, 998 S.W.2d 954, 957 (Tex.Crim.App. 1998). *See also Roberson v. State*, 852 S.W.2d 508, 510-12 (Tex.Crim.App. 1993) (unless there is a showing that a pretrial motion had merit and that a ruling on the motion would have changed the outcome of the case, counsel will not be ineffective for failing to assert the motion). Having previously held that the methamphetamine and Appellant's statements were lawfully obtained, it is unlikely that Appellant would have prevailed on a motion to suppress.

Appellant further alleges that trial counsel was ineffective in failing to object to the admission into evidence of the methamphetamine and his statements. When alleging ineffective assistance of counsel for failure to object, an appellant must demonstrate that the trial court would have erred in overruling an objection if defense counsel had made one. *See Vaughn v. State*, 931 S.W.2d 564, 566 (Tex.Crim.App. 1996). Appellant does not argue or demonstrate in his brief that had trial counsel objected to the admission of the methamphetamine and his statements, the trial court would have erred in overruling the objections.

Without a motion for new trial or other opportunity for counsel to defend her strategy, we decline to find her performance deficient. Based on the totality of the representation, we are unable to conclude that Appellant has demonstrated that defense counsel's performance fell below an objective standard of reasonableness or that counsel's conduct was so outrageous that no competent attorney would have engaged

10

in it.  Appellant has failed to meet the first prong of *Strickland*.    Issues one, two, and three are overruled.

Accordingly, the trial court's judgment is affirmed.

Patrick A. Pirtle
Justice

Campbell, J., concurring.

Do not publish.